| | |
|---|---|
| REGJUAN DONNELL LINDSEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VASQUEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00991-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff RegJuan Donnell Lindsey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on May 25, 2023, (ECF No. 1), in the United States District Court for the Northern District of California, and was transferred to the Eastern District of California on June 27, 2023, (ECF No. 5).

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the complaint, Plaintiff states that there is an inmate appeal or administrative grievance process available at his institution, but that he did not present the facts in his complaint for review through the grievance procedure. (ECF No. 1, p. 1.) Plaintiff states that he did not grieve the

incident because he was transferred from the facility.  (*Id.* at 1–2.)

Plaintiff alleges claims arising from an incident that occurred at Corcoran State Prison on March 14, 2023.  (*Id.* at 3.)  However, Plaintiff's complaint indicates that he remains confined at Corcoran State Prison.  (*Id.* at 1.)  Therefore, it does not appear that Plaintiff has been transferred to another institution, nor would transfer to another CDCR institution relieve Plaintiff of his obligation to pursue his administrative remedies before filing this action.  Plaintiff is informed that even if he has been transferred to another facility at Corcoran State Prison, or another CDCR institution, he is still required to exhaust his administrative remedies for the incident at issue in this suit.

Based on the information provided, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated:   **June 30, 2023**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE