1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| REGJUAN DONNELL LINDSEY, | Case No.  1:23-cv-00991-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| VASQUEZ, *et al.*, | |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff RegJuan Donnell Lindsey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 30, 2023, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 9.)  Plaintiff did not file a response, and the deadline to do so has expired.

## I.     Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1   § 1915(e)(2)(B)(ii).

2          Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

3   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4   confined in any jail, prison, or other correctional facility until such administrative remedies as are

5   available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

6   administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

7   *v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the

8   relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*,

9   532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison

10  life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

11         In rare cases where a failure to exhaust is clear from the face of the complaint, it may be

12  dismissed for failure to state a claim.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.

13  2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at

14  *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached

15  exhibits that a plaintiff did not exhaust his available administrative remedies before commencing

16  an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of*

17  *Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and

18  dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust

19  administrative remedies prior to filing suit).

20  **II.    Discussion**

21         In the complaint, Plaintiff states that there is an inmate appeal or administrative grievance

22  process available at his institution, but that he did not present the facts in his complaint for review

23  through the grievance procedure.  (ECF No. 1, p. 1.)  Plaintiff states that he did not grieve the

24  incident because he was transferred from the facility.  (*Id.* at 1–2.)

25         As further explained in the Court's order to show cause, Plaintiff alleges claims arising

26  from an incident that occurred at Corcoran State Prison on March 14, 2023.  (*Id.* at 3.)  However,

27  Plaintiff's complaint indicates that he remains confined at Corcoran State Prison.  (*Id.* at 1.)

28  Therefore, it did not appear that Plaintiff was transferred to another institution, nor would

1   Plaintiff's transfer to another CDCR institution relieve him of his obligation to pursue his

2   administrative remedies before filing this action.  Based on the information provided, it appears

3   clear from the face of the complaint that Plaintiff filed suit prematurely without first exhausting

4   his administrative remedies in compliance with the PLRA, section 1997e(a).

5   **III.     Order and Recommendation**

6           Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to

7   this action.

8           Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without

9   prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

10          These findings and recommendations will be submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

12  **(14) days** after being served with these findings and recommendations, Plaintiff may file written

13  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may result in the waiver of the "right to challenge the magistrate's factual

16  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

17  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18
19  IT IS SO ORDERED.

20      Dated:   __**August 7, 2023**__                          ____/s/ *Barbara A. McAuliffe*____

21                                                               UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28